UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHELLE ROTH,

          Plaintiff,

      v.

FCA US LLC,

          Defendant.

Case No. 24-cv-07222-JD

**ORDER RE ATTORNEYS' FEES AND COSTS**

This is a case brought under the Song-Beverly Consumer Warranty Act, Cal. Civil Code §§ 1790 et seq., and related laws for an allegedly defective 2021 Jeep Wrangler that the defendant FCA US LLC (FCA) did not repair or replace. Dkt. No. 1-2, Ex. A (Complaint). Plaintiff Michelle Roth recovered $10,000.00 for her claims pursuant to a Rule 68 Offer of Judgment made by FCA. *See* Dkt. No. 21-2.

The accepted offer provided that "FCA will pay Plaintiff's statutory costs and expenses under Civil Code section 1794(d), including attorneys' fees, in the amount of $1,500.00 or determined by the Court to have been reasonably incurred by Plaintiff in connection with the commencement and prosecution of this action." *Id*. ¶ 3. Plaintiff's counsel request $13,649.00 in fees and costs pursuant to the Rule 68 agreement and the Song-Beverly Act, Cal. Civil Code § 1794(d). Dkt. No. 21. The parties' familiarity with the facts is assumed, and the request is granted in part.

The starting point is the "actual time expended on the case" and a determination of whether the ensuing fees were "reasonably incurred -- both from the standpoint of time spent and the amount charged." *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal. App. 4th 785, 817 (2006). Counsel submitted billing records showing that a total of 14.8 hours was spent

on this case, which, at hourly rates ranging between $345 and $650 per hour, resulted in a total lodestar of $8,121.  Dkt. No. 21-3, Ex. 28.

The problem, as FCA suggests, is that this lodestar amount is unreasonably high relative to the routine nature of plaintiff's claims in this case and the utter lack of any meaningful litigation work prior to settlement via the Rule 68 offer.  *See* Dkt. No. 23.  Plaintiff's counsel's firm litigates "Lemon Law" cases like this one all the time, *see* Dkt. No. 21-3, Shahian Decl., and nothing in this record indicates that this case stood out in any legal or factual way from every other case they handle, or required extra attention.  This is attested to by the scant number of 18 filings on the ECF docket at the time plaintiff accepted FCA's Rule 68 offer on March 31, 2025.  *See* Dkt. No. 21-2; ECF docket.

In these circumstances, billing for 14.8 hours equating to $8,121 in fees was unreasonable. To put a finer point on this, it was unreasonable for plaintiff's counsel to spend 3 hours on work related to the case management statement, or 48 minutes to prepare and file a 1-page motion and 1.5-page declaration to request a remote appearance at the case management conference.  *See* Dkt. No. 21-3, Ex. 28; Dkt. No. 12.  The 3.2 hours spent on the fees motion was also excessive.  The figure was undoubtedly bloated by the unnecessary work of gathering and filing a large number of largely irrelevant exhibits (*e.g.*, fees orders issued by other federal district courts and state courts). Nor was the time well spent, as the brief and supporting materials -- which were likely recycled from one of the many other similar cases plaintiff's counsel's firm has handled -- contained references that had no application to this case (*e.g.*, references to proceedings in "the Court of Appeal" which did not take place in this case, and to multiplier and attorney fees figures not being sought here, *see* Shahian Decl. at 16, 26).

Overall, an unduly high number of hours were billed for the few, relatively simple and straightforward tasks that were needed in this case.  This type of excessive billing supports the application of an across-the-board, 30-percent reduction.  *See Case v. Cnty. of Los Angeles*, 111 Cal. App. 5th 741, 749 (2025).  Counsel's hourly rates of $345 to $650 per hour have not been challenged by FCA, and the Court accepts them as reasonable purely for this motion.  *See* Dkt.

United States District Court
Northern District of California

No. 21-3, Ex. 28.  Consequently, applying a 30% reduction to the $8,121 figure results in a revised lodestar of $5,684.70.

Counsel have requested a 1.35 multiplier enhancement of this lodestar, Dkt. No. 21 at 13, but for the reasons discussed above, no lodestar enhancement is warranted in this straightforward case that settled early.  Counsel's request for an additional $2,000.00 to cover a reply brief and hearing appearance for the fees motion is also denied.  Counsel did not file any reply brief and a hearing was not held.  *See* Dkt. No. 25.  Counsel's request for $685.65 in costs and expenses was adequately explained, *see* Dkt. No. 21-3, Ex. 28 at 2, was not specifically opposed by FCA, and is granted as reasonable.

Roth's counsel is consequently awarded $5,684.70 in attorneys' fees and $685.65 in costs and expenses, for a total amount of $6,370.35.

**IT IS SO ORDERED.**

Dated:  March 4, 2026

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

3